IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEVIN RUSSELL, #K3887                                                                        PETITIONER

VERSUS                                                       CIVIL ACTION NO. 5:12-cv-136-DCB-JMR

CHRISTOPHER EPPS, et al.                                                                  RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. On October 1, 2012, Petitioner Kevin Russell filed this petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner is an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the Wilkinson County Correctional Facility, Woodville, Mississippi. Upon review of the petition [1] and applicable case law, the Court finds that Petitioner's claims fail to warrant federal habeas corpus relief.

### I. Background

Petitioner complains that one of the respondents, Robert Sturdivant, has placed "a hit" on him. Pet. [1] at p. 3. Additionally, Petitioner alleges that Respondent Sturdivant has had Petitioner's hand broken in January 2012 and April 2012. *Id*. According to Petitioner, he wrote the A.C.L.U. a letter and reported that Respondent Sturdivant was beating inmates. *Id*. As a result, the A.C.L.U. filed a class action in the United States District Court for the Northern District of Mississippi, civil action number 4:05-cv-148-JAD-DAS, relating to the conditions of Unit 32 at the Mississippi State Penitentiary, Parchman, Mississippi.[1]  *Id*. Clearly, Petitioner does not challenge his conviction or sentence, but instead his the conditions of his confinement.

---

[1]Petitioner makes reference in his petition to "attachments." Having reviewed the petition, this Court finds that there were no attachments included with the petition.

## II.  Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992).  Notwithstanding Petitioner's assertion that this is a habeas matter, this Court must look to the nature of the allegations themselves.  *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994) (citing *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)(determining a challenge to the "fact and duration" of confinement is habeas in nature, where a challenge to the rules, customs, and procedures affect the "conditions" of confinement and is properly brought as a § 1983 civil action)).

Petitioner's allegations concern where he is housed to serve his sentence and that there has been a violation of his Eighth Amendment rights, *i.e.*, being labeled a snitch and being subjected to physical assaults, which are conditions of his confinement.  Petitioner submits no facts to establish that such a claim relates to his immediate or early release from custody.  As relief, Petitioner is not seeking immediate or early release from custody, but is requesting that he be transferred to a medical facility in Springfield, Missouri, or to Arkansas or Michigan.  Pet. [1] at p. 6.  "[H]abeas is not available to review questions unrelated to the *cause* of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) (emphasis added); *see Moore v. King*, No. 08-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009).  In short, Petitioner cannot maintain this habeas petition.

If a petition combines claims that should be asserted as habeas in nature with claims that properly may be pursued under § 1983, federal courts should separate these claims, if possible. *Serio v. Members of La. State Bd. of Pardons*,821 F.2d 1112, 1119 (5th Cir. 1987).  Under the allegations of the instant petition, this Court finds that Petitioner's allegations relating to his

housing and the violation of his Eighth Amendment rights constitute conditions of his confinement, and the proper vehicle for raising such a claim is by filing a § 1983 civil action. *See Cook*, 37 F.3d at 168. In considering Petitioner's § 1983 claims, this Court finds that his conditions of confinement claims will be severed from the instant petition for habeas relief and will be addressed in a new and separate civil action. *See Serio*, 821 F.2d at 1119.

### III. Conclusion

Petitioner cannot maintain this petition [1] for habeas corpus relief on grounds which attack the conditions of his confinement. The remedy pursuant to a § 2241 writ of habeas corpus is not the proper forum to assert these allegations. Petitioner's conditions of confinement claims pursuant to 42 U.S.C. § 1983 will be dismissed without prejudice in the instant civil action and a new and separate civil action will be opened to address those claims. For the foregoing reasons, this petition [1] for habeas relief should be denied, and this case will be dismissed with prejudice.

IT IS HEREBY ORDERED:

1. That this Court has determined that Plaintiff's conditions of confinement claims pursuant to 42 U.S.C. § 1983 will be severed into a new and separate civil action. The clerk of Court is directed to assign a new civil case number to the severed 42 U.S.C. § 1983 claims. Further, the clerk of the Court is directed to place a copy of the petition [1] filed October 1, 2012, and a copy of this order in the newly-created civil action.

2. That this petition [1] for habeas relief will be denied and this case will be dismissed with prejudice.

3. That a Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the  26th   day of November, 2012.


                                     s/David Bramlette
                                    UNITED STATES DISTRICT JUDGE